IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

RESTORATION 1 FRANCHISE          §
HOLDING, LLC,                    §
                                 §
            Plaintiff,           §
                                 §
V.                               §          No. 3:23-cv-549-D
                                 §
COAST 2 COAST RESTORATION        §
LLC, ET AL.,                     §
                                 §
            Defendants.          §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Following a bench trial, the Court entered findings of fact and conclusions of

law [Dkt. No. 116] and a corresponding final judgment that ordered, adjudged, and

decreed that

> Defendant Coast 2 Coast Restoration LLC, Robert A. Lee, Jr., and
> Anthony Aceto, jointly and severally, shall pay to Plaintiff Restoration
> 1 Franchise Holding, LLC $274,751.67 in damages, plus prejudgment
> interest at Texas's statutory rate of 7.5% per annum on $274,751.67,
> from March 13, 2023, to the date of Judgment, plus reasonable
> attorney's fees and costs to be determined, plus postjudgment interest
> at the legal rate on all sums awarded pursuant to 28 U.S.C. § 1961(a),
> compounded annually, from the date of this Judgment until paid in full,
> and for all of which execution may issue [and] that Coast 2 Coast
> Restoration LLC, Robert A. Lee, Jr., and Anthony Aceto shall take
> nothing on their claims.

Dkt. No. 117.

Restoration 1 then moved for attorneys' fees and costs. *See* Dkt. No. 119.

And the Court referred the motion to the undersigned United States

magistrate judge for recommendation or determination. *See* Dkt. No. 120; 28 U.S.C.

§ 636(b); FED. R. CIV. P 72(b); FED. R. CIV. P. 54(d)(2)(D) ("[T]he court may refer … a motion for attorney's fees to a magistrate judge under Rule 72(b) as if it were a dispositive pretrial matter.").

Defendants responded. *See* Dkt. No. 122. But Restoration 1 did not file a reply brief.

And, after Senior United States District Judge Barbara M. G. Lynn retired, this case was reassigned to Senior United States District Judge Sidney A. Fitzwater, but the post-judgment motion remains referred to the undersigned.

For the following reasons, the undersigned recommends that the Court grant in part and deny in part the motion for fees and costs.

## Legal Standards

Restoration 1 moves for fees "both under a Texas statute and, if applicable, the terms of the contract." Dkt. No. 119, ¶ 18. And, while Defendants do not agree that the amount of fees requested is reasonable nor agree that all fees requested are recoverable, they do not contest the legal basis for Restoration 1's request. *See generally* Dkt. No. 122 (concluding that the Court should "limit the award to $300,000.00, including expenses").

Texas law applies to a request for fees as a prevailing party on a claim made under Texas law. *See Ingalls Shipbuilding v. Fed. Ins. Co.*, 410 F.3d 214, 230 (5th Cir. 2005) ("The award of attorneys' fees is governed by the law of the state whose substantive law is applied to the underlying claims." (footnote omitted)); *accord Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002) ("State law controls both the

award of and the reasonableness of fees awarded where state law supplies the rule of decision.").

"Texas law permits an award for attorney's fees only if authorized by statute or contract." *Bennigan's Franchising Co., LLC v. Team Irish*, No. 3:11-cv-364-D, 2011 WL 3903068, at *2 (N.D. Tex. Sept. 6, 2011) (citing *Int'l Grp. P'ship v. KB Home Lone Star L.P.*, 295 S.W.3d 650, 653 (Tex. 2009); *Tony Gullo Motors I, L.P. v. Chapa*, 212 S.W.3d 299, 310-11 (Tex. 2006)).

And, "[w]hen a prevailing party in a breach of contract suit seeks attorney's fees, an award of reasonable fees is mandatory under § 38.001 [of the Texas Civil Practice and Remedies Code] if there is proof that the fees are reasonable." *Id.* at *3 (citations omitted).

"In addition to the statutory right to recover attorney's fees under the provisions of § 38.001, '[p]arties are free to contract for a fee-recovery standard either looser or stricter than Chapter 38.'" *Id.* (quoting *KB Home*, 295 S.W.3d at 653; citation omitted). In that case, "the terms of the contract, not statute, control the outcome of the case." *Id.* (cleaned up).

And, under Texas law, a prevailing party authorized "to obtain attorney's fees from the opposing party" still "must prove that the requested fees are both reasonable and necessary." *Aircraft Holding Sols., LLC v. Learjet, Inc.*, No. 3:18-cv-823-D, 2023 WL 5311486, at *3 (N.D. Tex. Aug. 17, 2023) (quoting *Rohrmoos Venture v. UTSW DVA Healthcare, LLP*, 578 S.W.3d 469, 489 (Tex. 2019) (citing *In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 809 (Tex. 2017))).

> The preferred method of federal courts calculating reasonable attorneys' fees under Texas law is the lodestar method. *See Fairmont Specialty Ins. Co. v. Apodaca*, 234 F. Supp. 3d 843, 852 (S.D. Tex. 2017) (citing *Rappaport v. State Farm Lloyds*, 275 F.3d 1079 (5th Cir. 2001) (per curiam)). The lodestar method is a two-step process. *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016). First, courts calculate the lodestar by multiplying the "number of hours reasonably expended ... by the prevailing hourly rate in the community for similar work." *Id.* at 392 (internal quotation marks omitted).

*Wease v. Ocwen Loan Servicing*, No. 3:13-cv-4107-B, 2021 WL 4991079, at *2 (N.D. Tex. Oct. 27, 2021).

There is a strong presumption of the reasonableness of the lodestar amount. *See Perdue v. Kenny A.*, 559 U.S. 542, 552 (2010); *Saizan v. Delta Concrete Prods., Inc.*, 448 F.3d 795, 800 (5th Cir. 2006).

And, so, "[i]f a party does not object to particular billing entries as inadequately documented, the court is not obligated *sua sponte* to sift through fee records searching for vague entries or block billing," so "[i]t is a common practice for courts to address only those potentially inadequate entries brought to the court's attention." *Hoffman v. L & M Arts*, No. 3:10-cv-953-D, 2015 WL 3999171, at *5 (N.D. Tex. July 1, 2015).

And the Court should not "eliminate wholesale the services of attorneys without identifying the particular services which are regarded as duplicative." *Tasby v. Estes*, 651 F.2d 287, 289-90 (5th Cir. Unit A July 1981) (cleaned up).

Instead, "[p]ercentage reductions are appropriate when attorneys impermissibly engage in block billing or fail to exercise billing judgment" – including by failing to write off time spent on work that was redundant and in hindsight may have been unnecessary – or "when a court reduces excessive time spent on particular legal services" or for particular services that are "duplicative." *Fralick v. Plumbers &*

*Pipefitters Nat'l Pension Fund*, No. 3:09-cv-752-D, 2011 WL 487754, at *13 (N.D. Tex. Feb. 11, 2011); *Shepherd v. Dallas Cnty., Tex.*, No. 3:05-cv-1442-D, 2009 WL 977294, at *2 n.3 (N.D. Tex. Apr. 10, 2009); *accord Saizan*, 448 F.3d at 799 ("The proper remedy for omitting evidence of billing judgment does not include a denial of fees but, rather, a reduction of the award by a percentage intended to substitute for the exercise of billing judgment." (cleaned up)); *Cookston v. Freeman, Inc.*, No. 3:98-cv-2106-D, 1999 WL 714760, at *5 (N.D. Tex. Sept. 14, 1999).

After calculating the lodestar, "Texas courts then apply the eight *Arthur Andersen* factors to determine whether the lodestar should be adjusted." *Wease*, 2021 WL 4991079, at *2 (citing *Arthur Andersen & Co. v. Perry Equip. Corp.*, 945 S.W.2d 812, 818 (Tex. 1997); footnote omitted).

> These factors are:
>
> (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill required to perform the legal service properly;
> (2) the likelihood ... that the acceptance of the particular employment will preclude other employment by the lawyer;
> (3) the fee customarily charged in the locality for similar legal services;
> (4) the amount involved and the results obtained;
> (5) the time limitations imposed by the client or by the circumstances;
> (6) the nature and length of the professional relationship with the client;
> (7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and
> (8) whether the fee is fixed or contingent on results obtained or uncertainty of collection before the legal services have been rendered.

*Id.* at *2 n.7 (formatting modified; quoting *Arthur Andersen*, 945 S.W.2d at 818).

"[T]he base lodestar figure accounts for most of the relevant *Arthur Andersen* considerations." *Rohrmoos*, 578 S.W.3d at 500.

"The relevant factors are similar to those articulated in *Johnson[ v. Georgia*

*Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974), *overruled on other grounds by Blanchard v. Bergeron*, 489 U.S. 87, 90 (1989).]" *El Campo Ventures LLC v. Stratton Secs. Inc.*, No. 1:20-CV-00560-RP, 2022 WL 1518926, at *4 (W.D. Tex. Feb. 1, 2022) (footnote omitted), *rec. adopted*, 2022 WL 17735386 (W.D. Tex. Aug. 23, 2022).

And, in the end, the Court need only "provide a reasonably specific explanation for all aspects of a fee determination." *Portillo v. Cunningham*, 872 F.3d 728, 741 (5th Cir. 2017) (cleaned up).

So "rulings on fee awards need not 'be so excruciatingly explicit' that those decisions 'consume more paper than did the cases from which they arose.'" *Saldivar v. Austin Indep. Sch. Dist.*, 675 F. App'x 429, 432-33 (5th Cir. 2017) (per curiam) (quoting *In re High Sulfur Content Gasoline Prods. Liab. Litig.*, 517 F.3d 220, 228-29 (5th Cir. 2008)).

Instead, this Court's "analysis [must be] 'complete enough' for [the United States Court of Appeals for the Fifth Circuit] to review 'whether the [C]ourt has used proper factual criteria in exercising its discretion to fix just compensation.'" *Id.* (quoting *Brantley v. Surles*, 804 F.2d 321, 325-26 (5th Cir. 1986)).

"Federal Rule of Civil Procedure 54(d)(1) permits a district court to provide costs, other than attorney's fees, to the 'prevailing party.'" *Mercer v. Patterson-UTI Drilling Co., L.L.C.*, 717 F. App'x 400, 406 (5th Cir. 2017) (per curiam). And, in this circuit, the "rule is that: Unless a federal statute, the Federal Rules, or a court order provides otherwise, costs – other than attorney's fees – should be allowed to the

prevailing party." *Vital v. Nat'l Oilwell Varco, L.P.*, 685 F. App'x 355, 360 (5th Cir. 2017) (per curiam) (cleaned up); *see also Cheatham v. Allstate Ins. Co.*, 465 F.3d 578, 586 (5th Cir. 2006) ("There is a strong presumption under Rule 54(d)(1) that the prevailing party will be awarded costs.").

28 U.S.C. "§ 1920 defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). And the United States "Supreme Court has indicated that federal courts may only award those costs articulated in section 1920 absent explicit statutory or contractual authorization to the contrary." *Cook Children's Med. Ctr. v. The N. Engl. PPO Plan of Gen. Consolidation Mgmt. Inc.*, 491 F.3d 266, 274 (5th Cir. 2007) (cleaned up).

"Taxable costs are limited to relatively minor, incidental expenses as is evident from § 1920" and "are a fraction of the nontaxable expenses borne by litigants for attorneys, experts, consultants, and investigators," such that "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 563 (2012) (cleaned up). In short, "taxable costs are limited by statute and are modest in scope." *Id.*

The party seeking recovery of costs bears the "burden of justifying the necessity of obtaining the depositions and copies at issue." *Fogleman v. ARAMCO (Arabian Am. Oil Co.)*, 920 F.2d 278, 286 (5th Cir. 1991). And the Court "may decline to award the costs listed in the statute but may not award costs omitted from the list." *Coats v. Penrod Drilling Corp.*, 5 F.3d 877, 891 (5th Cir. 1993) (cleaned up). That is,

> a district court may, but is not required to, deny a prevailing party costs
> where suit was brought in good faith and denial is based on at least one

of the following factors: "(1) the losing party's limited financial resources; (2) misconduct by the prevailing party; (3) close and difficult legal issues presented; (4) substantial benefit conferred to the public; and (5) the prevailing party's enormous financial resources."

*Smith v. Chrysler Grp., L.L.C.*, 909 F.3d 744, 753 (5th Cir. 2018) (quoting *Pacheo v. Mineta*, 448 F.3d 783, 794 (5th Cir. 2006) (citing 10 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 2668 at 234 (1998))).

In *Pacheo*, the Fifth Circuit "withheld judgment on whether 'any of the above factors is a sufficient reason to deny costs.'" *Smith*, 909 F.3d at 753 (cleaned up; quoting *Pacheo*, 448 F.3d at 794 n.18). But the Court of Appeals later held that a district court may not deny a prevailing party "its costs because of its comparative ability to more easily bear the costs" – a holding that "is especially applicable in the light of the 'strong presumption that the prevailing party will be awarded costs.'" *Id.* (quoting *Pacheco*, 448 F.3d at 793). And the Fifth Circuit has "never held that the 'limited resources' of the losing party provide a basis for denying the prevailing party its costs." *U.S. ex rel. Long v. GSDMIdea City, L.L.C.*, 807 F.3d 125, 130 (5th Cir. 2015) (citation omitted).

### Analysis

Restoration 1 was represented by two firms in this matter, Cheng Cohen LLC and Gordon Rees Scully Mansukhani, LLP, and it now "seeks $583,367.68 in incurred costs and fees" – "this total consists of $428,522.40 in Cheng Cohen costs and fees ($425,781.00 in fees $2,741.40 in costs) and $154,845.28 in Gordon Rees costs and fees ($146,804.50 in fees and $8,040.78 in costs)." Dkt. No. 119 at 6. Its motion is supported by declarations from Aaron-Michael Sapp, with Cheng Cohen, and Soña J.

Garcia, with Gordon Rees, both attaching each firm's billing records. *See* Dkt. Nos. 119-1 & 119-2.

In addition to contending generally that, in their view, "the case was not managed efficiently" and, "on some tasks, the billing was simply excessive," while "some of the expenses are unreasonable, excessive, and unsupported," Defendants' response, supported by an affidavit from its counsel, Richard A. Illmer, advances several specific objections to Restoration 1's request including that their invoices (1) contain block billing, (2) time billed for clerical tasks, (3) duplication of multiple attorneys' time, and (4) requests for costs that are not recoverable. Dkt. No. 122-1.

Starting with the block-billing objections, the undersigned cannot find that the Court should reduce the requested attorneys' fees for this reason.

"The term 'block billing' refers to the disfavored 'time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks.'" *Wyndham Props. II, Ltd. v. Buca Tex. Rests., LP*, No. 4:22-cv-166-BP, 2023 WL 2392090, at *3 (N.D. Tex. Mar. 7, 2023) (quoting *Hoffman*, 2015 WL 3999171, at *4 n.5 (quoting *Fralick*, 2011 WL 487754, at *4)).

"Block billing prevents the court from accurately determining the time spent on any particular task, thus impairing the court's evaluation of whether the hours were reasonably expended." *Id.* (cleaned up).

But "most courts that have addressed block billing have concluded that denying all block-billed attorney's fees is not appropriate" and have instead reduced

the block-billed hours by a percentage. *Id.* (quoting *Bramlett v. Med. Prot. Co. of Fort Wayne, Ind.*, No. 3:09-cv-1596-D, 2010 WL 3294248, at *3 (N.D. Tex. Aug. 20, 2010)); *see, e.g.*, *Bramlett*, 2010 WL 3294248, at *4 ("Little's affidavit provides no more than block-billed entries with general descriptions of activities relating to successive phases of the litigation. The large block of time each entry describes materially interferes with the court's ability to assess the reasonableness of the time expended. Moreover, the entries provide no dates for the work, hampering the court's ability to assess the time frame over which the time was expended. The court will therefore reduce Med Pro's request for Little's time by 25% and will award compensation only for 130.65 hours.").

Here, the undersigned cannot agree with Defendants that "R1's invoices are heavily block billed," such that "R1 has not met its burden to provide sufficient details of the work performed so the court can make a meaningful review of the fee request." Dkt. No. 122 at 4; *see* Dkt. No. 122-2 (Defendants' exhibit of their assessment of block-billed entries).

For example, the entries that Defendants highlight in their exhibit include the initials of the timekeeper and a narrative description of the work performed and, except for four, those entries are for less than six hours – and many are much shorter. *See* Dkt. No. 122-2. But even the lengthier entries do not amount to impermissible block billing that "impair[s] the [C]ourt's evaluation of whether the hours were reasonably expended." *Wyndham*, 2023 WL 2392090, at *3; *see, e.g.*, *id.* at *4 ("After reviewing the entire record, Wick Phillips' entries include the attorney's initials, date,

number of hours expended, and a brief description of the work performed. Further, the block-billed entries are not for large amounts of time. Often, Buca's entries are for fewer than six hours. The longer time entries offer more substantive, detailed descriptions of the different types of work performed during those periods by particular lawyers. The Court finds that the block-billed time entries do not make it 'impossible to conduct meaningful review and determine the precise number of hours that should be reduced.' Therefore, the Court does not reduce the fees claimed due to block billing." (cleaned up; quoting *Barrow v. Greenville Indep. Sch. Dist.*, No. 3:00-cv-913-D, 2005 WL 6789456 at *12 (N.D. Tex. Dec. 20, 2005)).

> Defendants next object that
>
> attorneys frequently billed for the following clerical and administrative tasks that should have been delegated to a paralegal or junior attorney: [d]rafting pro hac vice motions, initial disclosures, scheduling orders, protective orders; and [p]reparing documents for production.
> Likewise, seasoned attorneys at partner level rates frequently billed for the following clerical and administrative tasks: [d]rafting scheduling orders, initial disclosures, protective orders, simple motions (motion to substitute counsel, motion for leave, motion regarding witness unavailability, etc.), and simple discovery requests/responses.

Dkt. No. 122 at 7-8 (cleaned up).

Similarly, Defendants object to invoices reflecting time that paralegals spent on clerical and administrative tasks. *See id.* at 10-11; *see, e.g., id.* at 10 ("Allen frequently billed for tasks such as: (1) filing documents; (2) calendaring dates; (3) retrieving documents; (3) uploading documents to the case file; (4) preparing binders; and (5) scheduling court reporters.").

It's well-established that "clerical entries … such as filing court documents, calendaring events, processing billing invoices, and requesting copies of documents"

are "'not recoverable in an award of attorneys' fees.'" *Wyndham*, 2023 WL 2392090, at \*5 (quoting *Black v. SettlePou, P.C.*, No. 3:10-cv-1418-K, 2014 WL 3534991, at \*6 (N.D. Tex. July 17, 2014); citing *Tovar v. Sw. Bell Tel., L.P.*, No. 3:20-cv-1455-B, 2022 WL 2306926 (N.D. Tex. June 27, 2022)); *see also Vela v. City of Hous.*, 276 F.3d 659, 681 (5th Cir. 2001) ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical." (citing *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. 1982))); *Tovar*, 2022 WL 2306926, at \*5 ("The court should consider whether the work performed was legal work in the strict sense or was merely clerical work that happened to be performed by a lawyer." (cleaned up; quoting *Abrams v. Baylor Coll. of Med.*, 805 F.2d 528, 536 (5th Cir. 1986))).

And, while the undersigned recommends that the Court not sustain Defendants' objections to what they consider to be Restoration 1's inefficient use of attorneys' time performing legal work, *see, e.g.*, Dkt. No. 122 at 4-9 – particularly considering the billing judgment detailed in Mr. Sapp's declaration, *see, e.g.*, Dkt. No. 119-1, ¶¶ 18-17 – Defendants' points as to time billed for clerical work are well-taken, *see, e.g.*, Dkt. No. 122 at 9-10.

And, by not filing a reply, Restoration 1 has not objected to Defendants' suggestion that the Court reduce the paralegal portion of its invoice to account for time spent on clerical or administrative tasks:

> The paralegal portion of the R1's attorneys' fee request should be reduced by fifty percent (50%) ($13,314.00) to account for non-recoverable administrative and clerical tasks billed by paralegals.
> Moreover, Allen, Johnson, and Grossman frequently billed for duplicative tasks. Allen billed 16 hours to "compile," "work on," "review," and "revise" trial exhibits and exhibit list.

> Johnson billed 24.3 hours to "work on," "review," and "update" trial exhibits and exhibit list. Grossman then billed 18.5 hours to "review" and "prepare" trial exhibits.
>
> Billing over 58 hours alone on trial exhibits is not only duplicative, but unreasonable and excessive. This paralegal portion of the R1's attorneys' fee request should be reduced by fifty percent (50%) ($7,250.00) to account for the duplicative tasks billed by paralegals.

Dkt. No. 122-1, ¶¶ 24-26.

Given the volume of time entries before the Court, this is not an unreasonable approach. And the undersigned recommends that the Court reduce the lodestar accordingly.

And, so, having carefully reviewed Mr. Sapp's and Ms. Garcia's declarations and the attached billing records, the undersigned finds the number of hours to be reasonable and necessary and not excessive, duplicative, or inadequately documented, except as noted above.

And the undersigned finds (1) that the appropriate lodestar here to be calculated (at least initially) as 1,484.5 hours at a blended hourly rate of approximately (or just shy of) $385.71, for a total of $572,585.50 (867.3 hours at a blended hourly rate of just shy of $490.93 for Cheng Cohen; 617.2 hours at a blended hourly rate just shy of $237.86 for Gordon Rees) and (2) that this total should be reduced by $20,564, to account for unrecoverable clerical tasks included the invoices. And, so, the appropriate adjusted lodestar amounts to $552,021.50.

And, while the undersigned has considered the *Arthur Andersen* factors, the lodestar (as adjusted) is presumed to be reasonable and should only be modified in exceptional cases.

So the undersigned determines that no enhancement is warranted under the

- 13 -

circumstances and that there are no other exceptional circumstances.

Turning to costs then, Restoration 1 seeks (1) $602 for filing fees, *see* Dkt. No. 119-1, ¶ 33; (2) $2,139.40 "for court reporter fees and deposition transcript cost," *id.*; *see also id.* at 50 (identified as "Court reporter fee (Bizzaro deposition)" and "Transcripts (Amy Cheng Deposition)"); and (3) "$8,040.78 in litigation expenses for defense of the claims brought by [Defendants, as] reflected in Exhibit C and are recoverable pursuant to the Franchise Agreement," Dkt. No. 119-2 at 4; *see also id.* at 86, 136, & 141-42 (expenses listed in Gordon Rees's bills, for deposition transcripts, deposition fees, travel, delivery, reference materials, and experts, all of which, in total, exceeds $8,040.78).

First, fees charged by the clerk are recoverable under Section 1920(1).

And Section 1920(2) authorizes recovery of the costs of a transcript so long as, at the time that the transcript was made, it could reasonably be expected to be used during trial or for trial preparation, rather than for the mere convenience of counsel or merely for discovery. *See Allstate Ins. Co. v. Plambeck*, 66 F. Supp.3d 782, 790 (N.D. Tex. 2014).

And some (or maybe all) of the deposition transcripts cited in Restoration 1's evidence may qualify as recoverable under Section 1920(2). But that has not been shown to the Court through the conclusory record supporting the request for costs. And the Court is not obligated to sift through the record (or hunt down a Franchise Agreement) to verify Restoration 1's counsel's conclusions that these costs are recoverable. And, so, the Court should award Restoration 1 $602 in costs.

**Recommendation**

The Court should grant in part and deny in part Plaintiff Restoration 1 Franchise Holding, LLC's Motion for Attorneys' Fees and Costs [Dkt. No. 119] to the extent that it should award attorneys' fees of $552,021.50 and costs of $602 against Defendants Coast 2 Coast Restoration LLC, Robert A. Lee, Jr., and Anthony Aceto.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: February 13, 2026

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE

- 15 -